## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

TRUE FITNESS TECHNOLOGY, INC.,  )
a Missouri corporation,                        )
                                                          )
              Plaintiff,                             )
                                                          )
    v.                                                   )
                                                          )
FITNESS BEAST.COM, INC.,                )
a Nevada corporation,                        )       Cause No.
                                                          )
              Defendant.                          )       **JURY TRIAL DEMANDED**
                                                          )
**Serve Defendant at:**                     )
Spiegel and Utrera P.A.                      )
Registered Agent                             )
1785 East Sahara Ave.                       )
Las Vegas, NV  89104                       )

## COMPLAINT

COMES NOW Plaintiff True Fitness Technology, Inc. ("True Fitness"), by and through its undersigned counsel, and for its Complaint against Defendant FitnessBeast.com, Inc. ("FitnessBeast") states as follows:

### INTRODUCTION

1.      This is an action at law and in equity for trademark infringement and unfair competition arising under federal statutes, with pendant state and/or common law claims for trademark infringement, unfair competition, dilution, injurious falsehood, defamation and breach of contract.  Plaintiff True Fitness seeks damages, attorneys' fees, and costs and preliminary and permanent injunctive relief.

1438789 04

2.      Defendant, through its website and communications with potential customers, is using Plaintiff True Fitness' TRUE trademarks in connection with the sale, offering for sale, distribution, and advertising of treadmills. Defendant is not an authorized dealer of True Fitness' treadmills, nor a licensee of the True Fitness' TRUE trademarks. Defendant's illegal use of True Fitness' trademarks has caused actual confusion and is likely to continue to cause confusion among the consuming public.

3.      Defendant is also making false and/or misleading statements to consumers when they inquire about purchasing TRUE branded treadmills offered for sale on Defendant's website. In response to a consumer's inquiry, Defendant attempts to "switch" the customer to another of Defendant's treadmills by making false and/or misleading representations about the quality of True Fitness' TRUE branded products by, among other things, falsely disparaging the quality and reliability of True Fitness's TRUE branded treadmills.

## JURISDICTION AND VENUE

4.      Plaintiff True Fitness asserts claims under Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114 and 1125. This Court, therefore, has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. The Court has subject matter jurisdiction over the related state law and common law claims under 28 U.S.C. §§ 1338 and 1367.

5.      In addition, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because this action is between citizens of different states and the amount in controversy exceeds $75,000.

6.      Venue in this District is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District and Defendant is subject to personal jurisdiction in this District.

7.    This Court has personal jurisdiction over Defendant because, on information and belief, Defendant is doing business within this District, has engaged in acts or omissions within this District causing injury in this District, has engaged in acts or omissions outside of this District causing injury within this District or has otherwise made or established contacts with this District sufficient to permit the exercise of personal jurisdiction over Defendant.

## PARTIES

8.    Plaintiff True Fitness is a Missouri corporation having its principal place of business at 865 Hoff Road, O'Fallon, Missouri.

9.    Upon information and belief, Defendant is a Nevada corporation having its principal place of business at 6250 Mountain Vista, Henderson, Nevada 89014. Defendant offers goods for sale to Missouri residents constituting the transaction of business in Missouri and has caused injury and economic harm to True Fitness by infringing and diluting True Fitness' trademarks and engaging in unfair trade practices constituting the commission of tortious acts in this judicial district in Missouri.

## FACTS COMMON TO ALL COUNTS

10.    True Fitness has for many years manufactured, sold,\ and serviced high quality exercise equipment including treadmills. In connection with the sale of these goods, True Fitness uses the incontestable federally registered and common law trademark TRUE® to brand its products.

11.    True Fitness has used its TRUE mark since at least as early as November 1983, in connection with the sale of its exercise equipment.

12.    True Fitness thereafter applied for and was granted federal registration for the TRUE mark.

3

13.    On July 21, 1987, the United States Patent and Trademark Office issued Reg. No. 1,448,722, granting registration to True Fitness for the TRUE mark, in connection with exercise treadmills.    This mark has become incontestable as affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065. A copy of the Certificate of Registration for this mark is attached hereto as Exhibit 1.

14.    On April 19, 2005, the United States Patent and Trademark Office issued Reg. No. 2,941,769, granting registration to True Fitness for the TRUE mark in connection with exercise equipment, namely, treadmills, elliptical trainers, stationary cycles, weight lifting and strength machines, and multipurpose stretching apparatus to enhance flexibility and to exercise, rehabilitate and improve performance of specific body movements and activities. A copy of the Certificate of Registration for this mark is attached hereto as Exhibit 2.

15.    True Fitness' common law TRUE mark and United States Patent and Trademark Office Reg. Nos. 1,448,722 and 2,941,769 for TRUE are collectively referred to herein as the "TRUE Marks".

16.    For many years, True Fitness has extensively and continuously used and promoted the TRUE Marks in connection with treadmills and exercise equipment.

17.    The TRUE Marks appear prominently on the side of TRUE exercise equipment and on invoices, packaging, advertisements, and other company materials related to TRUE exercise equipment.

18.    True Fitness has expended considerable effort and resources in marketing, advertising, promoting and selling its exercise equipment, including treadmills, under the TRUE Marks throughout the United States and worldwide and True Fitness prominently displays the

4

TRUE Marks in its advertising for its exercise equipment, including treadmills, to promote the same to current and potential customers.

19.     True Fitness' TRUE Marks are valid, distinctive, or have acquired distinctiveness, and are protectable at common law.

20.     The geographic extent of True Fitness' trading area is worldwide.

<u>DEFENDANT'S UNLAWFUL ACTIVITIES</u>

21.     On information and belief, Defendant engages in the business of promoting and selling exercise equipment.

22.     On information and belief, Defendant is and has been operating an Internet website under the domain name "Fitnessbeast.com".  At this website, Defendant advertises and offers treadmills for sale.  Its selection of model names includes, among other names, the trademarked TRUE brand treadmills.  See printouts from Defendant's website attached hereto as Exhibit 3 showing its offering of TRUE branded treadmills.

23.     True Fitness and Defendant entered into an agreement on February 9, 1995, wherein, for valid consideration, Defendant agreed to cease and desist advertising as an authorized dealer for True Fitness, engaging in any unfair competition with True Fitness and taking any action that would suggest that True Fitness is affiliated with, sponsors, or approves of any True Fitness products offered for sale by Defendant or any services offered by Defendant on True Fitness products.

24.     On information and belief, Defendant falsely advertises that it is an authorized dealer of TRUE treadmills and uses the TRUE Marks on its website and in its meta tags in order to "bait" customers to their website.

25.    On information and belief, when customers inquire about a TRUE branded treadmill, Defendant attempts to "switch" the customer to another of Defendant's treadmills by making false and misleading representations about the quality of True Fitness' TRUE branded products. On information and belief, Defendant is, among other things, falsely disparaging the quality and reliability of True Fitness's TRUE branded treadmills.

26.    At the time that Defendant made the representations to consumers regarding True Fitness' treadmills, it knew or should have known that these representations were false.

27.    Defendant uses True Fitness' TRUE Marks in commerce in connection with the sale, offering for sale, distribution and advertising of treadmills. Defendant is not an authorized dealer of True Fitness' treadmills, nor a licensee of the TRUE Marks. Defendant does not have the consent of True Fitness to use its TRUE Marks.

28.    The goods Defendant sells are comparable to the goods True Fitness sells in that both companies sell treadmills. True Fitness and Defendant are in direct competition with each other.

29.    Defendant's use of the confusingly similar imitations of True Fitness' TRUE Marks is likely to deceive, confuse and mislead prospective purchasers and current purchasers into believing that the sale of TRUE branded by Defendant is authorized by or in some manner associated with True Fitness, when it is not. The likelihood of confusion, mistake and deception engendered by Defendant's misappropriation of True Fitness' TRUE Marks is causing irreparable harm to the goodwill symbolized by the TRUE Marks and the reputation for quality that the TRUE Marks embody.

30.    Defendant's activities are likely to cause confusion before, during and after the time of purchase because purchasers, prospective purchasers and others viewing Defendant's

treadmills at the point of sale or otherwise are likely to mistakenly think that Defendant is authorized to sell TRUE products or that Defendant is somehow associated with True Fitness. This is particularly damaging with respect to those persons who perceive a defect or lack of quality in Defendant's goods and services. By causing such a likelihood of confusion, mistake and deception, Defendant is inflicting irreparable harm to the goodwill symbolized by the TRUE Marks and the reputation for quality that the TRUE Marks embody.

31.    On information and belief, Defendant continues to use unauthorized confusingly similar imitations of TRUE Marks in connection with the sale of products that are directly competitive to, are closely associated with, and/or sold in the same channels of trade and commerce as those goods offered by True Fitness.

32.    On several occasions, True Fitness notified Defendant of True Fitness' federal rights in its TRUE Marks and demanded that Defendant cease and desist its infringement and dilution of True Fitness' TRUE Marks and its other unlawful acts.

33.    On information and belief, Defendant knowingly, willfully, intentionally and maliciously adopted and used True Fitness' TRUE Marks to confuse customers and potential customers and trade on the reputation and goodwill associated with True Fitness and its TRUE Marks.

34.    The goodwill of True Fitness' TRUE Marks is of great value, and True Fitness will suffer irreparable harm should infringement, false designation of origin, unfair competition, and/or other violations of True Fitness' rights be allowed to continue to the detriment of True Fitness.

35.    Defendant's unlawful conduct will continue unless enjoined by this Court.

## COUNT I
### Federal Trademark Infringement
### (15 U.S.C § 1114)

36.    Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

37.    Plaintiff owns and enjoys rights in and to the federally registered TRUE Marks, rights which are superior to any rights which Defendant may claim in any form or style with respect to its infringing and unlawful use of the TRUE Marks.

38.    Through True Fitness' use and display of its TRUE Marks in connection with the ® symbol, Defendant had notice of True Fitness' federal registration rights.

39.    Defendant's use of True Fitness's federally registered TRUE Marks is likely to cause confusion, deception and mistake by creating the false and misleading impression that Defendant's sale and offering of TRUE branded goods are associated or authorized by True Fitness, or have the sponsorship, endorsement or approval of True Fitness.

40.    Defendant has used marks that are identical or confusingly similar to True Fitness' federally registered TRUE Marks in violation of 15 U.S.C. § 1114, and Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of customers, potential customers and members of the public and injury to True Fitness' goodwill and reputation as symbolized by True Fitness' federally registered TRUE Marks, for which True Fitness has no adequate remedy at law.

41.    Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with True Fitness' federally registered TRUE Marks to True Fitness' great and irreparable injury.

42.    The injury is continuing and is immediate and irreparable and True Fitness lacks an adequate remedy at law.

43.    Defendant has caused and is likely to continue causing substantial injury to the public and to True Fitness, and True Fitness is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1114, 1116 and 1117, and other applicable law..

## COUNT II
### Federal Unfair Competition
### (15 U.S.C § 1125)

44.    Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

45.    Plaintiff owns and enjoys rights in and to the TRUE Marks, rights which are superior to any rights which Defendant may claim in any form or style with respect its infringing and unlawful use of the TRUE Marks.

46.    Defendant's use of True Fitness's TRUE Marks has caused and is likely to cause confusion, deception and mistake by creating the false and misleading impression that Defendant's sale and offering of TRUE branded goods are associated, affiliated, or connected with True Fitness, or have the sponsorship, endorsement, or approval of True Fitness.

47.    Defendant has made false representations, false descriptions and false designations of origin of its goods in violation of 15 U.S.C. § 1125, and Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of customers, potential customers and members of the public and injury to True Fitness' goodwill and reputation as symbolized by True Fitness' TRUE Marks, for which True Fitness has no adequate remedy at law.

48.    Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with True Fitness' TRUE Marks to True Fitness' great and irreparable injury.

49.    The injury is continuing and is immediate and irreparable and True Fitness lacks an adequate remedy at law.

50.    Defendant has caused and is likely to continue causing substantial injury to the public and to True Fitness, and True Fitness is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(a), 1116 and 1117, and other applicable law.

## COUNT III
### Missouri State Trademark Dilution
### (Mo. Rev. Stat. § 417.061, *et seq.*)

51.    Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

52.    True Fitness owns and enjoys common law rights to the TRUE Marks that are superior to any rights which Defendant may claim in any form or style with respect to its infringing and unlawful use of the TRUE Marks.

53.    Defendant's infringing and unlawful use of the TRUE Marks dilutes and is likely to continue to dilute the distinctiveness of True Fitness's TRUE Marks by eroding the public's exclusive identification of the TRUE Marks with True Fitness, tarnishing and degrading the positive associations of the TRUE Marks, and otherwise lessening the capacity of the TRUE Marks to identify and distinguish True Fitness' products.

54.    Defendant is causing and will continue to cause irreparable injury to True Fitness' goodwill and reputation, and dilution of the distinctiveness and value of True Fitness' distinctive TRUE Marks in violation of Missouri antidilution statute, Mo. Rev. Stat. § 417.061(1).

55.    Defendant's actions demonstrate a willful and malicious intent to trade on the goodwill associated with True Fitness' TRUE Marks to True Fitness' great and irreparable injury.

56.    The injury is continuing and is immediate and irreparable and True Fitness lacks an adequate remedy at law.

57.    Defendant has caused and is likely to continue causing substantial injury to the public and to True Fitness, and True Fitness is entitled to injunctive relief, damages, costs and reasonable attorneys' fees.

## COUNT IV
### Common Law Trademark Infringement

58.    Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

59.    True Fitness owns and enjoys common law rights to the TRUE Marks that are superior to any rights which Defendant may claim in any form or style with respect to its infringing and unlawful use of the TRUE Marks.

60.    Defendant's infringing and unlawful use of the TRUE Marks has caused and is likely to cause confusion, deception and mistake by creating the false and misleading impression that Defendant's offering and sale of TRUE branded goods are authorized, affiliated, connected, or associated with True Fitness, or have the sponsorship, endorsement, or approval of True Fitness.

61.   Defendant's acts constitute common law trademark infringement in violation of the common law.

62.   Defendant's actions demonstrate a willful and malicious intent to trade on the goodwill associated with True Fitness' TRUE Marks to True Fitness' great and irreparable injury.

63.   The injury is continuing and is immediate and irreparable and True Fitness lacks an adequate remedy at law.

64.   Defendant has caused and is likely to continue causing substantial injury to the public and to True Fitness, and True Fitness is entitled to injunctive relief, damages, costs and reasonable attorneys' fees.

## COUNT V
### Common Law Unfair Competition

65.   Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

66.   True Fitness owns and enjoys common law rights to the TRUE Marks that are superior to any rights which Defendant may claim in any form or style with respect to its infringing and unlawful use of the TRUE Marks.

67.   Defendant's infringing and unlawful use of the TRUE Marks has caused and is likely to cause confusion, deception and mistake by creating the false and misleading impression that Defendant's offering and sale TRUE branded goods are authorized, affiliated, connected, or associated with True Fitness, or have the sponsorship, endorsement, or approval of True Fitness.

68.   Defendant's acts constitute common law unfair competition in violation of the common law.

69.    Defendant's actions demonstrate a willful and malicious intent to trade on the goodwill associated with True Fitness' TRUE Marks to True Fitness' great and irreparable injury.

70.    The injury is continuing and is immediate and irreparable and True Fitness lacks an adequate remedy at law.

71.    Defendant has caused and is likely to continue causing substantial injury to the public and to True Fitness, and True Fitness is entitled to injunctive relief, damages, costs and reasonable attorneys' fees.

**COUNT VI**
**Injurious Falsehood, Slander of Goods, Commercial**
**Disparagement and Trade Libel Under Missouri Law**

72.    Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

73.    Defendant's actions constitute false and/or misleading descriptions or representations of fact to consumers, which misrepresent the nature, characteristics and qualities of True Fitness' products.  Defendant's actions further constitute the publication of false and/or misleading statements.

74.    Defendant's actions create the false impression that True Fitness's products, including its treadmills, are unreliable or experience high failure rates.

75.    On information and belief, the false and/or misleading statements were made by Defendant to deceive consumers into believing that True Fitness' products were not reliable and to induce consumers to buy products made by competitors of True Fitness from Defendant.

76.    Defendant intended for its false and/or misleading statements to result in financial harm to True Fitness, and Defendant knew or should have known that its false statements were likely to damage True Fitness.

77.    Defendant knew, or through reasonable diligence should have known, that its statements regarding True Fitness' products were false and/or misleading and were reasonably likely to deceive consumers.

78.    Defendant's conduct was and is willful and malicious and without regard to the damage caused to True Fitness.

79.    Defendant's actions constitute a violation of Missouri state law through injurious falsehood, slander of goods, commercial disparagement and trade libel.

80.    As a direct result of Defendant's illegal conduct, True Fitness has suffered irreparable injury and monetary damages through, among other things, the loss of potential customers and loss of reputation and goodwill.

81.    Defendant has caused and is likely to continue causing substantial injury to the public and to True Fitness, and True Fitness is entitled to injunctive relief, damages, costs and reasonable attorneys' fees.

<u>COUNT VII</u>
**Defamation Under Missouri Law**

82.    Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

83.    Defendant's actions constitute the publication of defamatory statements about True Fitness which misrepresent the nature, characteristics and qualities of True Fitness's products.

84.    Defendant was negligent in publishing its false and misleading statements.

85.    Defendant made its false and misleading statement to consumers and other members of the public.

86.    Defendant's actions create the false impression that True Fitness' products, including its treadmills, are unreliable or experience high failure rates.

87.    On information and belief, the false statements were made by Defendant to deceive consumers into believing that True Fitness' products were not reliable and to induce consumers to buy products made by competitors of True Fitness from Defendant.

88.    Defendant intended for its false and/or misleading statements to result in financial harm to True Fitness, and Defendant knew or should have known that its false statements were likely to damage True Fitness.

89.    At the time Defendant published the false and/or misleading statements, defendant knew that the statements were false and/or misleading, or acted in reckless disregard for whether its statements were true or false.

90.    Defendant's conduct was and is willful and malicious and without regard to the damage caused to True Fitness.

91.    Defendant's actions constitute defamation in violation of Missouri state law.

92.    As a direct result of Defendant's illegal conduct, True Fitness has suffered irreparable injury and monetary damages through, among other things, the loss of potential customers and loss of reputation and goodwill.

93.    Defendant has caused and is likely to continue causing substantial injury to the public and to True Fitness, and True Fitness is entitled to injunctive relief, damages, costs and reasonable attorneys' fees.

## COUNT VIII
### Breach of Contract

94.    Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

95.    Defendant is in violation of the agreement it entered into with True Fitness on February 9, 1995, as Defendant has used and is using True Fitness's TRUE Marks in connection with the sale, offering for sale, distribution, and advertising of treadmills.

96.    Defendant does not have the consent or authorization of True Fitness to use its TRUE Marks and Defendant is not an authorize dealer of True Fitness' TRUE branded products.

97.    True Fitness has performed all of its obligations under the February 9, 1995 agreement.

98.    Defendant's activities and its use of the TRUE Marks constitute a breach of the February 9, 1995 agreement.

99.    True Fitness has been and will continue to be damaged as a direct and proximate cause of the breach by Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff True Fitness Technology, Inc. respectfully demands judgment in its favor and against Defendant FitnessBeast.com, Inc. and prays:

A.    That Defendant, its agents, employees, assigns, and all those in concert and privity with him be temporarily, preliminarily, and permanently enjoined from:

a.    manufacturing, distributing, marketing, selling or offering for sale any goods which bear any colorable imitation of the TRUE Marks alone in combination with any other words or symbols on exercise equipment and heart rate monitoring devices;

b.    using any terms, marks, words or symbols which so resemble either of the TRUE Marks or any names, marks or designations of True Fitness as to be likely to cause confusion, mistake, deception or misunderstanding in connection with the manufacture,

distribution, advertising, promotion or sale of any product which is not authorized by True Fitness;

    c.      expressly or by implication, representing that Defendant and its goods are those of or are affiliated with, or authorized, licensed, endorsed or sponsored by True Fitness or it subsidiaries, affiliates or related companies;

    d.      making or engaging in any express or implied false descriptions, false designations or false representation with respect to True Fitness' products, including its TRUE branded treadmills;

    e.      otherwise infringing upon the TRUE Marks or unfairly competing with True Fitness in any manner whatsoever; and

    f.      making false and/or misleading statements regarding True Fitness' products;

B.    That True Fitness be awarded damages, and for such damages and monetary relief to compensate True Fitness for all losses, including loss of revenue and goodwill, for Defendant's:

    a.      infringement and dilution of True Fitness' TRUE Marks;

    b.      unfair trade practices as they relate to True Fitness' TRUE Marks;

    c.      willful violation of Missouri state law through injurious falsehood, slander of goods, commercial disparagement and trade libel;

    d.      defamation of True Fitness in violation of Missouri state law; and

    e.      breach of contract with True Fitness;

C.    That True Fitness be awarded treble damages as permitted by 15 U.S.C. § 1117;

D.    That Defendant, pursuant to Missouri Revised Statute § 417.061 *et seg.*, be enjoined from using the infringing TRUE Marks or any substantially similar phrase or design;

E.    That True Fitness be awarded punitive damages due to Defendant's intentional, willful, and malicious infringement of True Fitness' trademarks and reckless indifference to True Fitness' rights;

F.    An assessment of attorneys' fees and costs, pursuant to 15 U.S.C. § 1117, against Defendant and for True Fitness; and

G.    That True Fitness be awarded such other and further relief as provided in the Lanham Act and other applicable law, and as the Court may deem appropriate, along with prejudgment interest.

Dated:  January 5, 2010

Respectfully submitted,

**LEWIS, RICE & FINGERSH, L.C.**

By:  _____

    Richard B. Walsh, #4635
    Mark R. Sowers, #5212909

    500 North Broadway, Suite 2000
    St. Louis, Missouri  63102
    Telephone:  (314) 444-7600
    Facsimile:  (314) 241-6056
    E-mail: rwalsh@lewisrice.com
    E-mail: msowers@lewisrice.com

    *Attorneys for Plaintiff True Fitness Technology,
    Inc.*

# United States District Court
## EASTERN DISTRICT OF MISSOURI
### NOTICE OF LAWSUIT AND
### REQUEST FOR WAIVER OF SERVICE OF SUMMONS

---

**\* \* Plaintiff to Complete Gray Area \* \***

---

TO:   Spiegel and Utrera P.A.
      _____
      (Name of defendant)
      (as  Registered Agent      of  FITNESSBEAST.COM, INC.                          )
      _____       _____
         (Title)                      (Name of business)

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the Eastern District

of Missouri and has been assigned docket number  4:10-cv-00008                          .

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within __30__ days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

**If you comply with this request and return the signed waiver to the undersigned, it will be filed with the court and no summons will be served on you.** The action will then proceed as if you had been served on the date the waiver is filed, except you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth on the foot of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this 6th day of ___January___, 20 10 .

                                    _____
                                    Signature of Plaintiff's Attorney or
                                    Unrepresented Plaintiff

---

DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had actually served when the request for waiver of service was received.

-Page 1-



# United States District Court
## EASTERN DISTRICT OF MISSOURI

## WAIVER OF SERVICE OF SUMMONS

---

### NOTICE TO DEFENDANT(S)

\* \* Plaintiff To Complete Gray Area \* \*

To:   FITNESSBEAST.COM, INC.
_____
(Name of plaintiff's attorney or unrepresented plaintiff)

I acknowledge receipt of your request that I waive service of a summons in the action of:

Case Caption:   TRUE FITNESS TECHNOLOGY, INC  V  FITNESSBEAST

Case Number:   4:10-CV-00008

in the United States District Court for the Eastern District of Missouri. I have also received a copy of the complaint in this action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after JANUARY 6, 2010 _____,
(Date Waiver sent)

or within 90 days after date if the request was sent outside the United States.

---

### DEFENDANT'S ACKNOWLEDGMENT OF WAIVER OF SERVICE

_____          _____
Date                                   Print name

                                       _____
                                       Signature

as _____          of _____
(Officer or Agent)                    (Corporation or Association)

                                       _____
                                       Address

                                       _____
                                       City, State, Zip Code